253 F.2d 758
 UNITED STATES of America, as charterer, insurer and underwriter, and Socony-Vacuum Oil Company, Inc., as owner of THE MOBILGAS, Libelants-Appellees,
v.
PANAMA TRANSPORT COMPANY and THE ESSO BALBOA, her engines, tackle, apparel, etc., Respondent-Appellant.
PANAMA TRANSPORT COMPANY, as owner of THE ESSO BALBOA, Cross-Libelant-Appellant,
v.
UNITED STATES of America, as charterer, insurer and underwriter, and Socony-Vacuum Oil Company, Inc., as owner of THE MOBILGAS, Cross-Respondents-Appellees.
 No. 240.
 No. 241.
 Docket 24878.
 Docket 24879.
 United States Court of Appeals Second Circuit.
 Argued March 12, 1958.
 Decided April 7, 1958.
 
 George Cochran Doub, Asst. Atty. Gen., Paul W. Williams, U. S. Atty., New York City, Leavenworth Colby, Washington, D. C., Benjamin H. Berman, Gilbert S. Fleischer and Walter L. Hopkins, New York City, Department of Justice, for United States.
 Kirlin, Campbell & Keating, New York City (Raymond T. Greene, Daniel T. Sweeney, Jr., Stephen J. Buckley, New York City, of counsel), for respondent and cross-libelant-appellant, Panama Transport Co.
 Before CLARK, Chief Judge, HINCKS, Circuit Judge, and BRENNAN, District Judge.
 PER CURIAM.
 
 
 1
 The SS. Mobilgas and the M/V Esso Balboa came into collision in Indonesian waters in the early morning of September 19, 1944. The vessels were proceeding in substantially opposite directions on prescribed courses under wartime restrictions and regulations. Each claimed the other was at fault. The problem involved is essentially factual.
 
 
 2
 The libel and cross-libel were tried together and consolidated for the purpose of the decree and any appeal therefrom.
 
 
 3
 The lower court found the Esso Balboa solely at fault and awarded damages accordingly. The finding has substantial support in the evidence. Appellant contends here that the testimony of a witness as to a delay by the lookout stationed on the Mobilgas in reporting the presence of the Balboa requires a different result. The evidence as to the length of time which elapsed from the first observation of the Balboa by the lookout stationed on the Mobilgas and the armed guard stationed thereon to the time of the transmission of such information to the navigating officers is in conflict. The resolution of that conflict, which involves the question of the efficiency of the Mobilgas lookout, was for the trial court. This is especially true under the unusual circumstances of the moving unlighted vessels, since estimates of time and distance given a long time after the event have "* * * become proverbial for uncertainty." The Georgic, D.C., 180 F. 863, at page 867.
 
 
 4
 The action of the Mobilgas in making a hard right turn immediately prior to the collision was held below not to constitute negligence, in view of the fact that it was a maneuver made when the vessel was in a position of peril occasioned by the faulty navigation on the part of the Balboa, which had deviated from its officially prescribed course.
 
 
 5
 The question of interest to be allowed received the separate consideration of the court below upon the settlement of the decree. The parties presented affidavits as to the pertinent facts. The court wrote a separate opinion in which the factual background was evaluated. While the award of interest is large, we cannot say that the trial court abused its discretion. Affirmed.